IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| Robert Lee Griffin,<br><br>    Petitioner,<br><br> v.<br><br>James Gomez, et al.,<br><br>    Respondents. | No.  C 98-21038 JW (NJV)<br><br>SECOND REPORT AND RECOMMENDATION RE: HOUSING OF PETITIONER AT THE SHU IN CORCORAN STATE PRISON |

On June 28, 2006 the District Court granted Petitioner's writ of Habeas Corpus and ordered Respondents to immediately release Petitioner from the Secured Housing Unit ("SHU") located at Pelican Bay State Prison. (Docket No. 120.) This matter was initially referred to the undersigned on April 4, 2008 (Docket No. 134) to prepare a report and recommendation as to whether Respondents complied with the Court's June 28, 2006. On August 27 and 28, 2008 the Court conducted an evidentiary hearing at the SHU located in Pelican Bay State Prison ("PBSP"). After conducting the evidentiary hearing at PBSP, the Court requested additional briefing by the parties, which was submitted on October 20, 2008.

After evaluating all of the evidence presented at the August 27-28, 2008 hearing and reviewing the record as a whole, the undersigned concluded that the Respondents were in violation of the Court's June 28, 2006 order. (Docket No. 158.) Respondents filed their objections to the report and recommendation on December 31, 2008 (Docket No. 164) and Petitioner filed his Response on January 16, 2009 (Docket No. 164). On July 10, 2009, Judge Ware adopted this Court's report and recommendation, ordering Respondents to transfer the Petitioner "to the general population or to housing that is less restrictive than the SHU or the ASU." (Docket No. 168.) On August 10, 2009, Respondents filed a notice of appeal of Judge Ware's July 10. 2009 Order. (Docket No. 172.) That appeal is currently stayed until November 15, 2010. (Docket No. 216.) On November 20, 2009 Judge Ware re-referred the issue of compliance with his July 10, 2009 order to the undersigned. (Docket No. 175.) On March 25, 2010, this Court conducted a site inspection of the SHU located at Corcoran State Prison ("CSP"). This inspection was conducted with counsel for the parties and representatives from CSP. That inspection revealed that Respondents have not complied with Judge Ware's July 10, 2009 order.

**I. BACKGROUND**

On June 28, 2006, Judge Ware granted Robert Lee Griffin's petition for writ of habeas corpus and ordered his immediate release from the SHU at PBSP. Since 1985, Petitioner had been in administrative segregation at PBSP and CSP on indeterminate status

2

for his alleged membership in the Aryan Brotherhood ("AB") prison gang. Prison regulations allow an inmate to be removed from segregation if he debriefs or shows that he is no longer active in gang activity. Petitioner has repeatedly tried to show that he is no longer active in the AB through the use of the prison's review process for evaluating whether an inmate is active in a gang. However, the Court has found that this process is in fact an illusory alternative to debriefing, at least for Petitioner, and unless Petitioner debriefed, he would indefinitely remain in administrative segregation.[1] The Court explained, the "crushing conditions of the SHU present an overwhelming incentive for an inmate to risk debriefing . . . [and] Respondents' refusal to reconsider the classification of former gang members who are unwilling to risk retaliation" renders their segregation effectively permanent. (Docket No. 120, at 8.) It is "this mutual reinforcement" that "extended Petitioner's stay in the SHU for over twenty years" and unconstitutionally threatened his safety. (Docket No. 120, at 9.)

After Judge Ware issued the order requiring that Respondents

---

[1] In an order to show cause ("OSC"), Judge Ware instructed Respondents to address "all procedural and substantive issues . . . [they] intend to raise in this action." (Docket No. 109, at 3-4.) Respondents argued in their response to thr OSC that Petitioner had an alternative to debriefing: new status review procedures provided for release to less restrictive housing upon a showing Petitioner was no longer active in a gang. However, Respondents failed to respond to Petitioner's evidence that he was no longer active in the AB or to offer evidence that the availability of the status review "is a true alternative to debriefing in practice." (Docket No. 120, at 5).

3

immediately release Petitioner from the SHU, Respondents notified the Court that Petitioner was no longer in their custody as he had been transferred to Federal custody. However, Petitioner was returned to state custody on November 1, 2007, and since that time he has resided either in the ASU or the SHU in violation of the Court's Orders. Petitioner is currently housed in the SHU located at CSP pending this Court's determination of compliance with Judge Ware's July 10, 2009 order.

## II.    INSPECTION OF THE SECURE HOUSING UNIT LOCATED AT CORCORAN STATE PRISON

The March 25, 2010 inspection of the SHU at Corcoran State Prison was conducted in the presence of both parties. The undersigned was given a tour of both the housing facilities and the exercise yard used by the Petitioner while being housed at CSP. Though less restrictive in nature than the SHU at PBSP, Corcoran SHU remains an impermissibly restrictive environment. Every move of an inmate is monitored. Exercise, though more liberally allowed than at PBSP, is nonetheless in outdoor cages, with generally one inmate per cage. Inmates remain in their cells, except when being transferred by escort in chains to medical appointments, law library, disciplinary hearings, and exercise. Inmates at the CSP-SHU are fed in their cells. These housing conditions fall short of those envisioned by Judge Ware in his July 10 2009 order.

4

**III. CONCLUSION**

The undersigned recommends finding that Respondents continue to fail to comply with the orders of this Court regarding the conditions of confinement of the Petitioner. Further, the undersigned recommends that the Court order forthwith the removal of the Petitioner from the SHU located at Corcoran State Prison and place him with the mainstream population within the California Department of Corrections or in alternative housing that is less restrictive than both the ASU and SHU.

Any party may serve and file specific written objections to this recommendation within ten (10) business days after being served with a copy. See 28 U.S.C. section 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specific time may waive the right to appeal the District Court's Order.

Dated: October 2, 2010

NANDOR J. VADAS
United States Magistrate Judge

5