IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ROBERT LEE GRIFFIN,<br><br>   Petitioner,<br><br> v.<br><br>JAMES GOMEZ, ET AL.,<br><br>   Respondents.<br>_____/ | No. C 98-21038 JW (NJV)<br><br>ORDER DENYING PETITIONER'S MOTION TO STRIKE OR DISREGARD MATERIAL BASED ON WITHDRAWN DOCUMENTS |

On September 27, 2010, Petitioner Robert Lee Griffin filed a motion to strike or disregard material based on withdrawn documents. Doc. No. 231. The motion was referred to the undersigned for disposition by order filed on September 28, 2010. Doc. No. 232. Petitioner renoticed the motion for hearing on November 16, 2010. Doc. No. 233. Respondents filed a timely opposition to the motion; Petitioner did not file a reply. The Court determines that the matter is suitable for decision without oral argument and vacates the hearing on the motion. For the reasons set forth below, Petitioner's motion to strike or disregard material is DENIED.

**BACKGROUND**

In 1992, Petitioner filed a petition for writ of habeas corpus challenging his confinement in the Security Housing Unit ("SHU") at Pelican Bay State Prison. Doc. No. 1. The Court granted Respondents' motion for summary judgment, dismissed the habeas petition and entered judgment for

Respondents. Doc. Nos. 46, 47, 49. Petitioner appealed to the Ninth Circuit which affirmed the judgment in part and remanded Petitioner's Eighth Amendment claim and part of his due process claim. Doc. Nos. 59, 60. On remand, the Court partially granted summary judgment to Respondents on the due process claim but allowed further briefing on the Eighth Amendment claim. Doc. No. 71.

By order entered June 28, 2006, the Court granted the habeas petition and ordered Respondents to release Petitioner from the SHU. Doc. No. 120. On July 5, 2006, Respondents notified the Court that Petitioner had been transferred to a federal courthouse and was no longer in their custody. See Doc. Nos. 121, 127. In response to a Court order to clarify Petitioner's housing status, Respondents notified the Court of their intention to place Petitioner in the SHU temporarily following his return from federal custody. See Doc. Nos. 124, 125, 127. Petitioner filed a request for modification of the order granting the writ of habeas corpus. Doc. No. 126. The Court ordered Respondents to file a status report of Petitioner's housing status. Doc. No. 127. Respondents reported that Petitioner was returned to state custody on November 1, 2007 and was placed in the Administrative Segregation Unit ("ASU") at Pelican Bay pending classification. Doc. No. 128. Petitioner filed a motion to enforce judgment which the Court referred to the undersigned for report and recommendation. Doc. Nos. 130, 134.

After holding a settlement conference in May 2008, the undersigned held an evidentiary hearing on August 27 and 28, 2008. Doc. Nos. 150, 151. On December 2, 2008, the undersigned entered his report and recommendations that the Court find that Respondents have failed to comply with the Order granting writ of habeas corpus and that the Court order Respondents to remove Petitioner immediately from the ASU and place him with the mainstream population or in alternative housing that is less restrictive than both the ASU and the SHU. Doc. No. 158. Both Petitioner and Respondents filed objections to the report and recommendations. Doc. Nos. 160, 162.

By order entered July 10, 2009, the Court adopted the December 2, 2008 report and recommendations, overruled the parties' objections thereto, and ordered the parties to file a status report notifying the Court of Respondents' compliance with the Court's order to "immediately

transfer Petitioner to the general population or to housing that is less restrictive than the SHU or the ASU." Doc. No. 168. The parties filed a joint status report on July 30, 2009, notifying the Court that Petitioner "was transferred from the Administrative Segregation Unit (ASU) at Pelican Bay State Prison to the Security Housing Unit (SHU) at California State Prison, Corcoran on May 26, 2009." Doc. No. 170. The parties disagreed whether this transfer complied with the Court's July 2009 Order, with Respondents contending that the Corcoran SHU is substantially less restrictive than the Pelican Bay SHU and does not present the Eight Amendment concerns at issue in the June 2006 Order granting habeas relief. *Id*. Respondents further stated, among other things, that Respondent's current housing status was based on conduct that occurred after the Court's June 2006 Order granting the habeas petition, namely that "Griffin has been validated as an active member of the Aryan Brotherhood prison gang based upon current conduct and information that was not part of the gang validation considered by this Court in adjudicating the Petition." *Id*.

On August 10, 2009, Respondents filed a notice of appeal from the July 10, 2009 Order. On November 20, 2009, the Court referred the parties' dispute to the undersigned for a report and recommendation whether the changed circumstances, as referenced in Respondents' status report, rendered the July 2009 Order moot. Doc. No. 176. On March 25, 2010, the undersigned conducted a site inspection of the SHU located at Corcoran State Prison ("CSP") at which counsel for the parties and CSP representatives were present. On October 2, 2010, the undersigned entered his report and recommendations that the Court find that Respondents continue to fail to comply with the orders of this Court regarding the conditions of confinement of the Petitioner and that the Court order forthwith the removal of Petitioner from the SHU located at CSP and place him with the mainstream population or in alternative housing that is less restrictive than both the ASU and SHU. Doc. No. 234. The parties filed objections to the October 2 report and recommendations which are currently pending before the Court. Doc. Nos. 235, 237.

On March 15, 2010, Respondent James Gomez filed a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment and from the June 2006 and July 2009 Orders based

3

on newly discovered evidence that Petitioner has been actively involved with the Aryan Brotherhood prison gang after the Orders were entered. Doc. No. 195. In support of that motion, Respondent Gomez submitted a request to file three confidential documents under seal for *in camera* review. Doc. No. 199. Respondent referred to the three memoranda in his motion for relief from judgment and sought *in camera* review of those documents by the Court to prevent disclosure to Petitioner or his attorney, to whom Petitioner is married. *Id.* Respondents argued that disclosure of the documents would endanger the safety of the persons from whom the confidential information was obtained and would jeopardize institutional security. *Id.* The Court granted the motion to file the three confidential documents under seal and for *in camera* review. Doc. No. 205. On June 4, 2010, Respondent filed a supplemental request to file under seal an additional confidential memorandum containing "some evidence that Griffin is still active with the AB, warranting his continued retention in the SHU" in support of Respondent's motion for relief from judgment and from the Court's Orders. Doc. No. 211.

On June 9, 2010, the Court entered an order denying Respondent's underlying motion for relief from judgment as premature because of the pendency of the appeal before the Ninth Circuit. Doc. No. 212. Following the Court's entry of that Order, Petitioner timely filed an opposition to Respondent's supplemental request to file the memoranda under seal. Doc. No. 214. By order entered on July 19, 2010, the Court granted in part Respondent's motion to file all the confidential documents under seal but denied Respondent's request to preclude Petitioner's counsel from reviewing the documents. Doc. No. 217. Respondent sought reconsideration of that Order to the extent it required disclosure of the confidential documents to Petitioner's counsel. Doc. No. 218. The Court denied the motion for reconsideration of the Order on Respondent's request to file under seal. Doc. No. 221. Respondent filed a petition for a writ of mandamus, which the Ninth Circuit denied by order dated August 31, 2010. Doc. No. 225.

On September 17, 2010, Respondent filed a request to withdraw the four confidential documents pursuant to Civil Local Rule 79-5, which the Court granted on September 22, 2010. Doc.

4

Nos. 227, 229. Respondent recognized in his request to withdraw that "these confidential documents will not be considered by this Court in this litigation." Doc. No. 227 at 2.

On September 27, 2010, Petitioner filed the instant motion to strike or disregard material based on the confidential documents that were withdrawn. Doc. No. 231. The Court referred the motion to strike to the undersigned for disposition. Doc. No. 232. Plaintiff renoticed the motion as directed by the Court. Doc. No. 233.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court may strike an affirmative defense if it presents "an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A defense may be stricken "if it fails to provide 'fair notice' of the basis of the defense." *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1048-49 (N.D. Cal. 2004) (citation omitted). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *Id.* A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *Id.* "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, --- F.Supp.2d ----, 2010 WL 2507769 at *2 (N.D.Cal., June 22, 2010) (citation omitted).

As this Court has previously recognized, "[a]lthough the Ninth Circuit has not ruled on the proper use of a Rule 12(f) motion to strike an affirmative defense, three other circuits have ruled that the motion is disfavored and should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege." *McArdle v. AT & T Mobility LLC*, 657 F.Supp.2d 1140, 1149-50 (N.D.Cal. 2009) (citations omitted). *Accord Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir.1991) (motion to strike affirmative defense is disfavored unless it

5

appears certain that plaintiffs would succeed despite any facts that would support defendants that are inferable from the pleadings). "Accordingly, once an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Barnes*, 2010 WL 2507769 at *2 (quoting *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (internal citation omitted), *vacated on other grounds by Salcer v. Envicon Equities Corp.,* 478 U.S. 1015 (1986)). *See also Securities & Exchange Comm'n v. Sands*, 902 F.Supp. 1149, 1165 (C.D.Cal.1995) ("To strike an affirmative defense, the moving party must convince the court 'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" (quotation omitted)).

A motion to strike is a matter of discretion for the Court and may be appropriate where it will streamline the ultimate resolution of the action. *Federal Savings and Loan Insurance Corp. v. Gemini Management*, 921 F.2d 241, 244 (9th Cir. 1990); *Fogerty*, 984 F.2d at 1528. If the defense asserted is invalid as a matter of law, the Court should determine the issue prior to a needless expenditure of time and money. *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D.Cal. 2001). However, motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. *See LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D.Cal.1992).

**DISCUSSION**

Petitioner seeks relief pursuant to Rule 12(f) to strike material that he contends is immaterial and impertinent. Petitioner contends that the withdrawn documents were submitted to the Court as evidentiary support for allegations of continuing gang activity by Petitioner. Petitioner argues that Respondents relied upon allegedly new evidence of gang activity to support their contentions that Petitioner could not be housed in any less restrictive setting than SHU and that the new evidence contained in the confidential memoranda contradicted the Court's conclusion that

6

Petitioner's long retention in the SHU vitiated gang activity. Doc. No. 233 at 3. Petitioner contends that Respondents, having withdrawn the confidential memoranda, provide no factual basis for their allegations of continued gang activity. Petitioner argues that without evidentiary support, the allegations of continued gang activity contained in the CDCR 1030 Forms are conclusory statements that are insufficient to give Petitioner fair notice of the evidence of gang activity or any meaningful opportunity to respond to the allegations. *Id*. Petitioner requests, therefore, that the material and arguments based on the withdrawn documents be stricken as unfounded, including the 1030 Forms submitted by Respondents (Doc. No. 194 at 48-50 (Ex. 3); Doc. No. 210-2 at 9 (Ex. B-1)) and Respondents' contentions that Petitioner is still actively involved in prison gang activity, that he cannot be housed in a setting less restrictive than SHU, and that Pelican Bay SHU is the only appropriate housing for him. Doc. No. 233 at 4.

By requesting that the Court strike anything Respondents have filed related to the subject matter of the confidential memoranda, Petitioner seeks relief that is much broader than that required by the withdrawal of the confidential memoranda at issue. Respondents did not rely solely on the four confidential memoranda submitted under seal, but also provided declarations by Michael Ruff and Michael Poulos as evidentiary support for their allegations of Petitioner's ongoing prison gang activity. Doc. Nos. 194 Exs. 1-2, 201, 202. Those declarants relied not only on the confidential documents that have been withdrawn, but also on Petitioner's conviction in 2007 in a federal RICO trial, Petitioner's validation in 2008, Petitioner's refusal to debrief, and the declarants' own knowledge of and experience with prison gangs and the AB's principles, to form the basis of their opinion that the evidence contradicts Petitioner's contention that he was not an active AB member when his federal habeas petition was pending. *See* Doc. No. 194 at 24-28 (Ex. 1 ¶¶ 29, 37-41) and 39-42 (Ex. 2 ¶¶ 17, 19-20, 26). Applying the pleading standard under Rule 8, Respondents have alleged ongoing gang activity with sufficient particularity to give Petitioner fair notice of the defense raised against him. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned,

7

the-defendant-unlawfully-harmed-me accusation") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *Cf. Qarbon.com*, 315 F.Supp.2d at 1049-50 (striking general references to affirmative defenses in patent suit where defendant/counterclaimant did not specify what type of estoppel it was seeking, did not set forth the elements of the defense and did not allege factual basis for defenses).

Petitioner further argues that the 1030 Forms and Respondents' allegations of continued gang activity should be struck as immaterial and impertinent because the confidential memoranda were submitted in support of Respondents' motion for relief from judgment which is no longer before the Court and have no other purpose. Doc. No. 233 at 4. Respondent Gomez acknowledges that the Court has already denied his motion for relief from judgment and that the undersigned has issued his report and recommendation without relying on the withdrawn documents. Doc. No. 236 at 3. As discussed above, the withdrawal of the confidential documents filed under seal does not render other documents or legal arguments immaterial or irrelevant because Respondent has offered other bases for his contentions that Petitioner is still actively engaged in prison gang activity, that Petitioner cannot be housed in any setting less restrictive than Corcoran SHU, and that Pelican Bay SHU would be the best place to house Petitioner. Because Petitioner has not demonstrated that "it appears to a certainty that [he] would succeed despite any state of the facts which could be proved in support of the defense," his motion to strike pursuant to Rule 12(f) is DENIED. *Barnes*, 2010 WL 2507769 at *2.

## CONCLUSION

Petitioner's motion to strike or disregard material based on withdrawn documents is DENIED. Doc. No. 233.

Dated: November 12, 2010

_____
NANDOR J. VADAS
United States Magistrate Judge

8